The District Court erred in ordering that notice of, and an invitation to join, this collective action be provided to the more than 35,000 Chase employees who signed individual arbitration agreements waiving their rights to participate in any capacity in collective actions. I think you have a strong case on whether it was error, and we'll decide that, but your real problem here is convincing us that it was clear and indisputable, and I don't see how you get there. Well, Your Honor, what we would say is that the District Court necessarily abuses its discretion when it applies the wrong legal standard. That was this Court's... Well, that happened... We hear that in lots and lots of cases. We hear that on a routine evidentiary issue that's abuse of discretion, and apply the wrong legal standard, it's automatically abuse of discretion. It really doesn't work that way here. You know how high the hurdle is for clear and indisputable, so it's a lot more than abuse of discretion. I certainly think that's right, Your Honor, but what we have is a conflict with the Federal Arbitration Act. What we have is notice being sent to 35,000 employees, inviting them to do exactly what they promised not to do in their agreements with Chase. We have that notice being sent to them based on nothing more than speculation that hypothetically some individual inside that 35,000 might want to raise a challenge. But where do you find in the case law or statutory authority support for that being so clear and indisputable that we should issue writ of mandamus, rather than just saying if we so decide that it was error? Your Honor, I think this illustrates the need for mandamus in the sort of advisory or supervisory situations that we highlighted in the briefing. The problem is when you have procedural issues like this that will not result in a harmful final judgment. We used the example of the discovery of privileged information in the briefing. Okay, but that's on the third prong. That's on the third prong of whether issuing the writ is appropriate under the circumstances. That overlooks the second prong, which is the clear and indisputable prong. Even if we decide supervision is a good idea, we have to satisfy prong two. I think that's right, but I would suggest that you might need less of a showing of clear and indisputable error in circumstances where the supervisory need for the writ is so appropriate.  on the issue. If we had guidance from the Supreme Court on the issue, then I suspect we would be able to show that the district court's error was clear and indisputable. The problem for us here is that no court of appeals has ever addressed the issue in these circumstances. And that was an important and candid concession, as in your reply brief when you stated it's an open issue as to whether at the first notice stage arbitral agreements had to be assessed. But again, once you say it's an open issue and that no circuit has addressed it, it would be hard to say it's clear and indisputable that the district court erred. Well, and that puts us in this catch-22. It does put you in a catch-22. Repeated continuous error by the district court. But let me, on that, why is there even need for guidance, and why can we assume repeated error if really over 20 years since Mooney, district courts in the Fifth Circuit have all been saying, irrespective of arbitration agreements, at the first stage we're just going to give notice. Would you say that all the district court authority cited has been itself clear abuse of discretion? I would say all of the Fifth Circuit cases. That entire body of law has been in each instance a clear abuse of discretion? Your Honor, to the extent that the arguments were made to it, and I'll say part of what's troubling in this area is that I think the district courts have lost sight of the constitutional significance of providing notice in the manner that they have. What you do not see in these district court decisions is an appreciation for a district court stepping outside of adjudicating cases and issuing an invitation to non-parties to file suit against a defendant before. So, counsel, that comment gets to the content of the district court's discretion to issue notices in FLSA collective action. I mean, you, I think you have to concede that the district court does have discretion to send out notices. Hoffman, LaRoche. Yes, Your Honor. Okay. Do I have to concede that? Is there a limit on that discretion? And if so, I would think you'd have to argue that the district court has jumped over those limits. How do you argue that in this case? The limit that we see is notice to employees who are eligible to participate in a collective action. And the plaintiffs here have failed to carry their burden. In fact, they've said we have no burden to show that these employees are actually eligible to participate. No present burden. That's right. At the decertification stage, that your arguments could well prevail. That's right. So when I read Hoffman, but correct me if I'm wrong, the limiting principle is yes notice, discretion for notice, not if you lose neutrality and express an opinion on the merits. So I look very closely at the district court opinion. Do you see any language that expresses an opinion on the merits? No, Your Honor. I'm not suggesting the district court expressed an opinion on the merits. But I think you need to look at the Hoffman-LaRoche majority in the context of the Hoffman-LaRoche dissent. Okay. Which is, I think everyone agrees, what a district court does in sending out notice of a collective action to non-parties, inviting them to join the case before it, is unusual. This is not a typical power of district courts. We have Article III, which limits the federal courts to adjudicating cases and controversies. What you don't see in the Hoffman-LaRoche majority is any reference to a freestanding authority. But does the Hoffman majority ever describe who is a potential participant? Well, I spent this afternoon with the Hoffman-LaRoche briefing. And I think when you go back to look at that, the natural reading of potential participant there simply means employees who have a right to join the suit, but we don't know whether they will or not. And the respondent's brief on the merits in particular in Hoffman-LaRoche distinguished between actual opt-in plaintiffs and potential opt-in plaintiffs. And so the reading there is, I think what Hoffman-LaRoche, given how close it stretches to the boundaries of Article III, needs to be read narrowly. And what they have said there is this is part of the court's case management authority, its ability to manage the joinder of additional parties. And so when you have these individuals who are not eligible to participate in a collective action, 35,000 people who have said, I am not going to resolve my claims against Chase in a collective action. That's, that is an employer's declaration, right? That, that has come as a declaration. I mean, you've read the SIR reply. They say, even if we agreed with you, we can't agree on behalf of people we don't even know. Well, I think that's true. And that's what's extraordinary here. There is no suggestion, there is no argument, that there is any individual they have identified who has any valid challenge to the formation of this agreement. They have not identified what that argument might be. They have not presented any evidence. I thought the notice stage was in order to identify people that might opt in. That the whole point of the notice, and the liberal standards for it, is to identify them. And then you come in with fact-based employer defenses. And, Your Honor, I don't believe that the Federal Arbitration Act permits that. Ah. And I think, there are two parts of EPIC's. Okay, but I'm going to interrupt you then. So you are arguing against the Luzardi two-part standard. If you're saying the FAA doesn't permit that two-part methodology, then your argument, which I didn't see in the briefs, is that what we've accepted, at least, for 20 years, isn't the appropriate legal test. Well, the question is, what's meant by the Luzardi framework? At a high level, Luzardi simply means you need to have two steps. There's one stage at which notice is issued. There's a second stage after notice is issued, at which it may well become apparent that some of the individuals who opted into the collective action are not, in fact, as similarly situated as they at first appeared. I don't think there's any way against arguing against that at the high level. Now, to the extent that, by Luzardi framework, what you mean is arbitration cannot be considered until after conditional certification has already been done. Either with respect to the named plaintiffs or the opt-in plaintiffs. Well, this court already rejected that in Reyna and in Edwards versus DoorDash. So, to the extent my friends are arguing, arbitration comes later, conditional certification comes first, this court has already said, that's not a result that the Federal Arbitration Act permits. This isn't quite the same, though, right? Because in Reyna, there was a motion to compel arbitration for the one named plaintiff, and here we have at least one plaintiff who hasn't. So, it's a little bit different. But I guess, maybe to put a different spin on Judge Higginson's question, why not wait until stage two of a case like this to weed out the employees who have signed the waiver of collective action? Why not wait until stage two? Well, two reasons. First, the order from the district court, the invitation that the district court sent out, is inviting these employees to disregard their agreements with Chase and to do exactly what they promised not to do. Plaintiff's position is plain. You should treat the arbitration agreements as invalid and unenforceable until Chase proves that they are valid and enforceable, and there's no way for Chase to do that until after notice already goes out. So, we think that is a serious undermining of our agreement, and in contravention of section 2 of the Federal Arbitration Act and the broad national policy in favor of arbitration that it embodies.  Roberts. And then the second part is that the notice, it says, in the event you are required to pursue your claims through arbitration. So it's suggesting to them they may be required to pursue it through arbitration. And, Your Honor, that brings up my second point, which is what page – I've got the notice here, too. I believe we're looking at ECF 59-2 at page 4, Your Honor. Okay. I think – yes, you're exactly right. Because I have actually planned to highlight this for you as an illustration of just how far outside the Court's authority under Hoffman-LaRoche that we've gone. Under Hoffman-LaRoche, the sole purpose of providing notice is to invite employees to join the collective action. What the notice in this case says is your consent form will not be filed with the Court in this litigation. This is crossing the line between a district court managing the joinder of employees into this collective action and simply soliciting individual employees to file arbitrations against Chase. That's an important constitutional limit. The district courts exist to adjudicate cases and controversies. And I think that the authority in Hoffman-LaRoche does need to be read narrowly to manage the joinder of employees who have a right to opt into the collective action. Now, within the set of employees who are eligible to join a collective action, I do think the district court has discretion whether or not to provide that notice. But when a district court starts inviting employees to sue Chase in a collective action when their claims must be handled through individual arbitration, I see that as crossing an important constitutional line. And I think at the very least, constitutional avoidance would say the statutes shouldn't be read that way if there's any way of doing it. What happens if it's unclear at the stage one certification stage how many employees have actually signed waivers of collective action? And what are the terms of the waivers of collective action? And do they actually apply to this particular one? And what if they're questions like that? How do we deal with it? A defendant has an evidentiary burden in opposing conditional certification to come forward. Judge Higginson, you referred to our declaration, and that's true, but it's not simply me standing up here declaring it. There's, in fact, a declaration in evidence in the record, a statement by Ms. Rockwell, you'll see it at ECF 54-22, stating that since mid-2009, all new Chase employees have signed binding arbitration agreements. Her statement there is uncontroverted. So I think it's — It equivocates the next sentence, says the vast majority. The vast majority of the conditionally certified class. So this 42,000-member conditionally certified class includes, by our calculations, approximately 7,000 employees, including Ms. Rivenbark, who have not signed binding arbitration agreements. So we know that everyone after 2009 who joined as a Chase employee after 2009 has signed, but there were some employees who joined Chase before 2009 who have not signed those agreements. Ms. Rivenbark is one of those examples. So — It's pretty general. I mean, I further estimate that the vast majority of current call center employees are covered. That does — I mean, how can we assume, if she's estimating about a vast majority of current, who's in and who's out, based on that statement? Well, we simply have records. It's a question of the notice that the district court orders and the discovery that we're going to provide to the plaintiffs. So if the district court orders us to provide the plaintiffs with information related to all Chase employees so that they can be provided with notice, regardless of whether they have signed arbitration agreements, well, if that's what he's done and that's what we can comply with, or alternatively, an order saying only provide notice to Chase employees who have not signed arbitration agreements, we think would be appropriate. Let me try to explain how I think this should work. Let's say a plaintiff does think there's a defect in the arbitration agreement. What the plaintiff needs to do is bring forward a named plaintiff who is allegedly subject to that arbitration agreement. The defendant, as we did, will say, don't provide notice to all of the employees because of this arbitration agreement. And at that point, in the reply, the plaintiffs should say exactly the opposite of what Ms. Casuccio did. Ms. Casuccio here said, my arbitration agreement is valid and enforceable, and I'm going to go the route of arbitration. If they had wanted to challenge it, what they needed to do was have a named plaintiff say, my arbitration agreement is invalid and unenforceable, and I'm going to stay here and litigate this collective action. We then would have moved to compel that named plaintiff to arbitration. But what about unnamed plaintiffs that may not have arbitration agreements at all? Well, those unnamed plaintiffs without arbitration agreements, there's no dispute that those unnamed plaintiffs would receive notice of the collective action. I'm sorry, Your Honor, we might be miscommunicating. So our sense is the order we're asking this Court for is one, in fact, in which the district court would order that only employees of Chase who have not signed these arbitration agreements would receive notice of the collective action, unless the Court has further questions. I have one further question. So the district court's order explaining why, essentially, why it's rejecting your argument with respect to employees who have signed the collective action waiver, in your view, does the district court's rationale rest on a presumption, or at least maybe a presumption, that the arbitration agreements are not enforceable, are not valid, might be challenged? Because I was trying to understand what the rationale of the district court was, whether it was, well, they just need notice, you know, they just need to know that this is happening so they can plan their affairs accordingly, or is it something else? What's your, help me interpret it. I understand, so the district court's statements at the hearing, I think, tended to rest on the second rationale that you identified, just give them notice that they have been victims of some kind of wrongdoing. As I understand the district court's order, though, it rests on the first rationale, the idea that the district court cannot determine that there is no possibility that some individual within this 35,000 might attempt to challenge the formation of the arbitration agreement. I'll say one way of thinking about this is simply in terms of burden. The way we see it, no notice should go out unless the plaintiffs can show that the individuals receiving notice are, in fact, eligible to participate in the collective action. And what they're saying is notice can be sent out to any employee, no matter how valid, how enforceable that arbitration agreement, unless the defendant can prove that the employee is not eligible. And they'll say, by the way, that's not a showing the defendant can ever make before notice can be sent out. Thank you. Thank you. By just a quick question, do you have a case or do you even endorse the view that Rule 23 class certification is the procedure that should be followed at the first notice stage? No, Your Honor. We're certainly not suggesting that you would import all of Rule 23 requirements. On the other hand, as I think even the Ninth Circuit has noted, the predominance inquiry of Rule 23 resembles in some ways the search for similarly situated employees. So I do think one way of looking at this would be to hold that employees who have not signed arbitration agreements are not similarly situated to those that have. And the point I wanted to make that I'll hopefully have a chance to make to you in rebuttal is that one way of framing this is whether a plaintiff can evade this court's holdings in Reyna and Edwards v. DoorDash by strategically selecting a named plaintiff who is not subject to an arbitration agreement. But just following up, because I think this is informative, there were several what, 70 opt-ins that did? Yes, Your Honor. But what's important about those opt-ins is that they have not challenged the enforceability of their arbitration agreements. But you haven't moved to compel arbitration either. We have not. But I'd point you, so first of all, ECF 32 at page 5, this was the initial status conference, a question to Plaintiff's counsel. There's no disagreement about that. People who signed the arbitration agreements are not part of the class. First answer, that's correct, Your Honor. And then what you see in ECF 59, that's the reply in support of conditional certification, plaintiffs are not challenging now, nor do they intend to challenge before this Court the validity or enforceability of the arbitration agreements or the class and collective action waivers contained therein. The same page, the ones who have valid arbitration agreements will go the route of arbitration. If you were to convince us to import some of the second-end fact-finding determinations corresponding to an employer's ability to say they're not similarly situated because these people have to go to arbitration, if you were to prevail in your argument that those determinations must be made at the front end, would it then be a district court's authority, even over objection of the defendant, to toll the statute of limitations in these cases? We certainly have no objection to the district court exercise. Yes, I know you have no objection. My question is, could a district court, even over the objection of an employer? Your Honor, I regret I have not thought about that issue. I'd need to follow up with you. No, that's fine. It's not that central. Thank you. All right. Thank you, Mr. Peterson. You've saved time for the follow-up. Ms. Braddy? Your Honors, may it please the Court. Based on the information we heard from Chase today, we agree. Mandamus is not an appropriate remedy in this case. Chase cannot establish that there was a clear and undisputable right to the writ, one of the required elements, in order for this Court to have jurisdiction to issue Mandamus, and it's Respondent's position that Chase cannot establish an abuse of discretion, much less a clear abuse of discretion, based on the Lusardi analysis that controls in this Court, pursuant to Mooney v. Aramco Services. Now, Justice Higginson, I believe you nailed it on the head when you asked Chase whether adopting their analysis would, in fact, abrogate Lusardi, and all of the cases since then that have stopped. But our Court's been very careful, even back to that, is it Mooney? Yes, Your Honor. Never to say we've adopted it. We've just sort of acquiesced in the methodology. Is that fair to say? That's correct. Okay. So it isn't settled law in the way we normally think of it. It's interesting that for 20 years we've been telling people it's okay to use it. We aren't saying that it is the methodology. And then district courts, as opposing counsel conceded, have all done it and said, irrespective of whether or not these people will or won't be eligible for whatever reason, we're not deciding those fact questions at the front end. Correct, Your Honor. And that certainly goes back to that prong requiring a clear and indisputable right to the writ, because how could just Judge Ellison have committed a clear abuse of discretion causing patently erroneous results if he was following 20 years of jurisprudence out of the Southern District of Texas and the Fifth Circuit Court of Appeals? Well, one of the things that you mentioned in one of your briefs is that you referred to these cases from the Southern District and you said it's the controlling and settled law in the Southern District of Texas. There's no such thing as controlling or settled law in a district court. A district judge can change his or her mind in a different case the day after rendering a decision. So you mislead us when you try to let us think that the Southern District of Texas has a settled law on this. I apologize, Your Honor. I should have said that it has followed the law that has been followed consistently throughout the Southern District of Texas, which is to follow Lusardi and the two-step approach that we typically address when seeing conditional certification cases. Now, in Lusardi, in that first step, when the court conditionally certifies a class under the lenient standard of review, at that, it is a very simple issue before the court. The court is then finding whether individuals are similarly situated. Well, so, counsel, I hear what you're saying, but let's, here's a hypo. Let's imagine we have a collective action involving only women. At the stage one conditional certification stage, surely the district court can and probably must say, we're not going to send any notices to men, right? Would you agree with that or not? I would have great issue if the district court did that because that would probably cause Title VII issues if it did. Well, suppose the collective action claim is women are alleging some kind of pregnancy-related discrimination, something like that. And so my point being is, can't the district court make some kind of basic distinction among potential members of the collective action and exclude people who are obviously, obviously cannot be part of the collective action at stage one? Absolutely. In fact, that is their duty and discretion to do so as vested in them by Hoffman LaRoche. Right. Right. And so Hoffman LaRoche does draw that basic distinction between, and I'm reading from the decision, notice process for case management purposes versus solicitation of claims. Absolutely, Your Honor. And in this case, this issue was addressed clearly before Judge Ellison. The question of whether these individuals who may or may not be subject to arbitration agreements. And just to clarify, at this point, we don't know whether they are or not, nor could anybody because there is no standing to address that issue. But let me ask you this. Do you concede, maybe you do, maybe you don't, but do you concede that an employee who has signed an arbitration agreement waiving collective action cannot be part of this collective action? Once they are a party to the litigation and are subject to the discretion and rule of law, are they able to determine whether or not that was a valid and enforceable agreement? But yes, Your Honor. If it was valid and enforceable, something that must be determined on the outset upon a motion to compel arbitration, then yes. And if I could direct Your Honor's attention, the fact that an agreement must be found to be valid before arbitration can be issued under the FAA is well settled. In fact, just today, the United States Supreme Court issued an opinion, Henry Schein Inc. v. Asher & White Sales, Inc., and while not directly on these grounds, the Supreme Court recognized, citing Section 2 of the FAA, that before referring a dispute to an arbitrator, the court first determines whether a valid arbitration agreement exists. This is not something that can be presupposed. This is not something that can be assumed over a class. This is something that must be found individually. And that, Your Honors, is why it is a merits-based issue and appropriate for the second stage of the decertification analysis, at the decertification stage. So Mr. Peterson properly pointed out that they're really in a box here because they're unable to get this issue decided. And once the notices are issued, then presumably the question is moot. That seems to me to be grossly unfair. Well, and, Your Honor, Mr. Peterson has taken issue with the notice itself. But notice is the effect of the district court's order defining the class. Judge Ellison is going to say that. Well, let's assume, for purposes of my question, that having to produce the notice is the sort of irreparable harm that normally we would consider in deciding whether to grant extraordinary relief. Assuming that for purposes of the question, how do they get out of that box? This issue will never be decided, certainly not for purposes of this litigation. Yet it's an important question. It is an important question, Your Honor. And under Lusardi, the — that issue cannot be before the Court because it's a merits-based issue. There might be other remedies available to chase. Well, actually, you know, it could have been before the Court if we didn't have a district judge here is absolutely determined to make sure that the question is never decided. And you've helped him at every — at every stage. There was a — there was a motion for 1292B, interlocutory appeal, which would have been an easy way to decide that. You opposed the motion, and Judge Ellison refused to certify the question. Then once he issued his order, there was a motion to stay his order, presumably to allow this Court to take a look. You opposed the stay. He denied the stay. So, I mean, at every turn, you and he have made it more and more difficult for this question to be decided in a reasonable way while it's still a live issue. And, Your Honor, it's because we believe this question is not one that's appropriate for appellate review at this time, even though it will be so at a later date, not, however, at this conditional certification stage. And, Your Honor, we agree. That means that notice issues. But there is no harm in the issuance of notice. There is no substantive right of chase affected. There is no legal right of chase affected. They've carefully explained why there's harm, because it puts out notice to people who have no right to join this action, yet it may be an incentive for them to go ahead and join. And, Your Honor, that presupposes the fact that they have no right to join this action. And if I could direct you— So, does that response mean that Judge Ellison's order assumes that some of the employees, who knows how many, who have signed the waiver of collective action may be able to successfully challenge that waiver and join this action? Judge Ellison stated that those people were not before him, and he could not rule on the merits of the arbitration agreement, because there was no standing to do so. Had he ruled on the enforceability or validity— Doesn't the FAA at least require us to presume the validity of the arbitration agreements? It doesn't? No, Your Honor. In fact, there were numerous cases cited by chase, and in citing case law that no one disagrees with, Supreme Court case law precedent from this Court, saying that arbitration agreements are to be considered valid, irrevocable, and enforceable. What chase left off was the second half of that statement, and this is in Section 2 of the FAA, except upon grounds that exist at law and equity for the revocation of any contract, Your Honor. The FAA does not get a carte blanche, because you must still show that a valid arbitration agreement exists, and that is chase's burden, not the plaintiff's burden. It's not the plaintiff's job to prove a negative. The motion to compel arbitration, that burden is initially on chase. They must file it, and they must show that a valid arbitration agreement exists and that the issue before the Court falls within the scope of that arbitration agreement. And if they can do that, then yes, Your Honor, the FAA would compel the Court to send the case to arbitration. So back to this question of irreparable harm and how much harm is caused by the notice. One of the problems with what Judge Ellison has done is that he has already basically decided the merits of this case by talking about the victims of the illegality. So potential plaintiffs who receive notice, if you prevail here and there's no mandamus, will be told that they better come on in and join this arbitration agreement or not, because they're the victims of illegal actions under the FLSA. I mean, this Bank is dealing with a judge who has already decided their case adversely, and has said so. Your Honor, and if I might digress, I am sure that Judge Ellison has not yet pre-decided the case on the ground. What does he mean? Quote, it doesn't seem to me unfair to give plaintiffs notice that they may have been victims of this illegality. What illegality is he talking about? Well, Your Honor, he was recognizing the standard at that first lenient stage, which is you take the information provided by the plaintiffs and relying on that and the pleadings, you make your similarly situated determination. That doesn't mean that at the decertification stage he's going to say, oh, well, I already decided back at the initial notice stage the merits of this issue without having any evidence before me, before the parties have even substantially engaged in discovery. Well, he's already decided the case. He didn't say potential illegality or alleged illegality. And he also said that failure to give notice is a huge compromise of individual's rights and that it's disenfranchisement. I wouldn't feel very good about this if I were the Bank. Would you? Your Honor, I do not believe that the Bank can shield itself from the issuance of notice by making sure, well, let me rephrase that. Unless it makes sure that everybody is subject to an arbitration agreement with a collective waiver, it cannot shield itself from notice. Do you agree, then, that failure to give this notice would be a huge compromise of individual's rights? I'm sorry, Your Honor, can you repeat that? A huge compromise of individual's rights. That's Judge Ellison's language. I believe that these individuals are entitled to receive the notice as potential plaintiffs in this action. It was signing the arbitration agreement, a compromise of their rights. An arbitration agreement, Your Honor, that has not yet been established or approved or even have brought properly before the Court. How could the Court presume the validity of an arbitration agreement that is not before it? All of the cases But what he says is that the mere signing of an arbitration agreement is a huge compromise of individual's rights. Your Honor, I cannot speak to what Judge Ellison said. And it's a disenfranchisement. Well, you're here protecting what he did. We invited him to respond, but he didn't choose to do that. So it's always understood in mandamus proceedings that the Respondent in some sense is speaking for the district judge. There's nothing inappropriate about that. So you have every obligation to tell us how you can justify the language that he used here. Your Honor, while I can't speak for what he meant by that language, I can say his analysis under Lusardi was correct. If the district court had said, I want to give people who have signed valid arbitration agreements notice because I feel they've been disenfranchised, we would be granting mandamus, correct? Your Honor, he did not say that. He didn't say it. But had he reduced in his order the statements, then would you be denying that that would be clear abuse of discretion? Your Honor, had he had a valid arbitration agreement before him that he refused to enforce. Ultimately, in his order, as I read it, he says two things. I don't know whether there are valid orders out there. And then he says, additionally, even if they were, you weren't the people who would be defending them. We don't know who they are. But had he written the order around statements that he made, saying even with valid signed agreements, all people, I want them to get notice because they've been disenfranchised, that would be a clear abuse of discretion. Your Honor, if he could determine the validity and enforceability without that issue being before him, then yes, that's true. And then if, or alternatively, if a district court said I'm giving notice because I presume arbitration clause to be unenforceable, that would be a clear abuse of discretion. Your Honor, that issue wasn't before the court. I know that. I'm just asking you a hypothetical. Okay. The question that was on my mind, is your argument a factual one? That is to say we don't know of these tens of thousands of people who have signed agreements and who don't? Or do you think the issue before us is a legal one of whether or not district courts are obliged to resolve fact questions at the first notice stage? What is the issue? Can you restate the question, Your Honor? Is the issue in this case a factual one? That there just is enough evidence for us to necessarily conclude that the tens of thousands of others that haven't yet received notice did sign valid agreements? And your argument would be no, there isn't, and that's what the district court said, and we'll wait and find out. Or is the issue before us whether we want to revisit Lusardi and say district courts must answer those questions at the notice stage? Your Honor, in addressing the factual question first, yes, we agree that those issues weren't before it. As far as the legal question as to whether the merits of the case should be inserted into that first conditional certification stage under Lusardi, I could see good reasons to do it. Judge Duncan's question about only women. Or another one, let's say the judge said I want notice to go to people far past the tolling period. Wouldn't it be an abuse of discretion to send notice to people where their claims are clearly tolled? Your Honor, you don't have to abrogate Lusardi or Mooney in order to factor in limits on the court's ability to give notice. In fact, the similarly situated analysis itself puts those notices in, I mean, puts those restrictions in, because in that analysis, the court has to determine who is similarly situated to the named plaintiffs. And in so doing, it looks at a number of factors, including their job duties, job titles, responsibilities. And depending on the facts of the case, there are different issues that go into that conditional. I guess the challenge here is this is a hybrid case, as I see it, because Ms. Rockwell did give a declaration. And she said there are, in her opinion, there are tens of thousands that signed agreements. Did you seek an opportunity to depose her? No, Your Honor. We were limited to conditional certification discovery, and that is a merits-based issue. Whether or not these arbitrations are valid will be considered. This isn't like just — Valid or exist, or both? Both. They have to be valid and enforceable in order for arbitration to be appropriate, and that's well-settled law. And that issue will be determined. It's not that Chase will not get to have its day wherein these cases are sent to arbitration. It's just that day is not yet here. And it can't be, because the issue is not squarely before the district court under the Lusardi analysis. Let me ask you this. Mr. Peterson sort of walked us through how he thinks things should play out under his view of things, under his client's view of things. Your view is that this — the arbitration agreement, the validity of the waiver, should be dealt with at Stage 2. Is that fair? Stage 2 of the — in order to get the decertification? Yes, Your Honor. Let's imagine that the Rockwell Declaration is accurate, and every employee at Chase who joined after 2009 has signed an arbitration agreement waiving collective action. Now, walk me through, how is that going to work at Stage 2? Would it be as simple as saying, okay, we've just verified that that's true, we've looked at the arbitration agreements, they can't have collective action, they're kicked out? Is it that simple? It could be as simple as that. It could require a motion to compel arbitration. But, Your Honor, as to — If it's as simple as that, then why don't we just do it at Phase 1? Because there's no way to know these issues before they're before the court. And I believe, Your Honors, recognize this issue in RANA. In distinguishing RANA, it addressed court cases directly like the one on point, including Romero, where the named plaintiff did not have an arbitration agreement, and the opt-in plaintiffs allegedly were subject to arbitration agreements. And in the Romero court, they said that the existence of arbitration agreements at the conditional certification stage was irrelevant because it was a merits-based issue that could only be determined after those people were properly before the court. And, likewise, in RANA, this court cited Davis v. Novistar Mortgage with essentially the same holding, recognizing that as long as the named plaintiff was not subject to a motion to compel arbitration and, therefore, had standing to proceed in the district court, they were authorized to issue notice to those that might also have claims because — because, Your Honor, of the definition of a potential plaintiff, which is inherently tied to the similarly situated analysis. Who is a potential plaintiff? May I finish, Your Honor? You certainly may, yes. Who is a potential plaintiff in any lawsuit is not determined by Chase saying who is. It's determined by the class definition certified. That definition controls the scope of the lawsuit. Do you agree that under Hoffman and LaRoche, notices of this kind are not to be used for what the Supreme Court called a solicitation of claims? Yes, Your Honor. Isn't that exactly what's happening here with a — with a judge who informs the world that — that the bank has violated the FLSA and has disenfranchised tens of thousands of employees who have signed arbitration agreements? Isn't that tantamount to a solicitation? Come on in and I'll do the best I can for you? No, Your Honor. And with all due respect, what the potential plaintiffs would receive would be the neutral and informative notice. What was said at the hearing would never be something that the plaintiffs would know. They would just know that they might have rights that are being subject to litigation and that those rights might, in fact, be subject to arbitration depending on the circumstances unique to them. Do you have a view as to the question I asked him at the very end of his time, which is, if we were to require district courts to do more fact-finding at the front end, would that — would that toll the statute of limitations that applies to these employees? Your Honor, while I think that such fact-finding would be contrary to the principle of the FLSA, if it were required, I think tolling would be necessary. With this wasting statute of limitations, their rights would be severely jeopardized. We've kind of pounded you with questions. There may be something else that you wanted to bring up. And if you'd like to, you may have two extra minutes to do that. You don't have to, and I don't want you to repeat or summarize what you've already said. It's completely up to you. Of course, if you take that time, it may engender more questions from the judges. So it's your choice. Your Honor, I would — I would like a little more time to make sure I'm not repeating anything that's been addressed. I would like to point out that if this Court were to rule that notice itself could be harmed, it's opening the floodgates to penitential mandamuses. There is no defendant ever that likes to have a case conditionally certified against it. And in each instance, they would argue that the issuance of notice itself was harmed and that this Court should weigh in before notice goes out. And that certainly is not in the interest of judicial efficiency either below or here. I'd also like to point out that the conditional certification order is an inherently discretionary one. One that is authorized by Hoffman, LaRoche, Lusardi, and this Court in Mooney, wherein the Court gets to set the parameters of the class. Now, you had asked me earlier, Justice Higginson, whether or not the Court could abuse its discretion in such a ruling. And yes, I believe that it could. However, that is not the circumstance here, because in certifying the class and identifying the potential plaintiffs, everyone is capable of joining the lawsuit. Everyone is capable of participating. And lesson in tell, the Court finds that the motions to compel were valid and enforceable. Roberts. Thank you, Ms. Brady. Thank you, Your Honor. Mr. Peterson, you've saved time for your bottle. Thank you, Your Honor. Let me start as efficiently as possible with the district court decisions. To be clear, the district courts in the Fifth Circuit have generally reached the same result, but they have done so in entirely inconsistent reasoning. I point the Court in particular to Barnett v. Countrywide Credit Industries. That's the case from the Northern District of Texas that ordered that notice be given to all employees, but only permitted the employees who had not signed arbitration agreements to opt into the collective action. It is clear that many district courts are treating this simply as a way of notifying employees that they may wish to sue the defendant in front of it. It'd be nice if we had a chance to clarify that, wouldn't it? Yes, Your Honor. As we've pointed out. We're not bound by any of the district court opinion. No, that's certainly correct. And I think what's clear is my friend isn't pointing to any district court decision whose reasoning she thinks is right. I can't identify a single district court decision that has seriously considered this issue in light of the Article III concerns and seriously weighed the interaction of the Federal Arbitration Act and the Federal Fair Labor Standards Act under these circumstances. When you say the Article III concerns and elevate this to a constitutional issue, what language in the majority, the seven-justice majority, are you pointing to? I point to, first, the distinction between the solicitation of claims and the notice authorized, and, second, independent of the Hoffman-LaRoche decision, I think a district court doing anything other than adjudicating cases and controversies raises serious Article III questions. But that the language of solicitation is followed by what I thought as the limiting principle, which is the judge can't lose neutrality and the judge can't opine on the merits. Well, I think that's right. But imagine this were not a collective action. Imagine this were simply a dispute between two parties. I think it would be indisputable that a district court would have committed grievous error under Article III if the court suddenly started ordering that notice might be sent out to other potential plaintiffs who just might wish to assert a claim against the defendant who is in front of it. But that's 216, right? That is the statute. There are, right? Well, and that's right. But the Supreme Court doesn't root this in any freestanding district courts get to encourage nonparties to file suit. The Supreme Court says this is limited to implementing 216B, which means it has to be limited to employees who have a right to join the collective action. And what your friend told the district court, you'll see this at ECF 59 at 10, the notice they were asking for in this case was, quote, not about the right to join this collective action. The notice they were asking for was about an employee's right to receive notice of his or her FLSA rights. It would help greatly if we clarified, it may not be opposing counsel's view, that there is no blanket right to notice. Absolutely. That would help the law itself. That's the first step. And then there's the question of how that principle interacts with the Federal Arbitration Act. And I disagree with my friend. I do not think the Federal Arbitration Act is dormant until a motion to compel arbitration is filed. There are two pieces of epic systems that I think you need to look at here. One of them is the Court talking about public policy against arbitration. I admit the language is directly on point. But the Court noted that prior to the enactment of the Arbitration Act, hostilities arbitration manifested itself in a variety, great variety of devices and formulas opposing arbitration. And the Court warned that courts going forward need to be equally alert against new devices and formulas that might achieve the same result today. Second, the other thing epic systems tells us about is what to do when we have two Federal statutes that might be in apparent conflict. Now, look, if my friend's procedures, if Lusardi, if this text of ignore arbitration at the first stage and then consider it at the second stage were in the text of the Fair Labor Standards Act, then I agree. It might be a hard case of trying to figure out how to harmonize. You said in Regna you can't ignore it when you know it exists. But the epic decision says treat it like any other contract. That's right. So when she cites the Supreme Court's decision today, they do say before you refer anything to an arbitrator, the Court determines whether a valid agreement exists. That is right. But that presumes that the defendant has the ability to file a motion to compel arbitration. You see the position we're being put in. She says again and again, Chase has not shown that every single one of these agreements is valid and enforceable. If there were some way of meeting that burden, let me know what we need to do. Because it's frankly, practically speaking, undisputed here. We're a large corporation. We have agreements that are on their face valid. These are agreements that our employees sign. They represent more than 70 individuals who have signed these agreements, haven't identified any individual who has a problem. There is no question that the vast, vast majority of these 35,000 employees have signed these binding and enforceable arbitration agreements. The only example the district court gave, a non-English speaker, isn't in fact even a valid defense to contract formation. Non-English speakers who sign English contracts are still bound by them. Schlein v. Archer and White simply illustrates the difficulty of challenging arbitration. One last point, Judge Smith, with respect to the ability of notice. I would say there has got to be some way of showing a clear error, even in the absence of case law. You see that demonstrated in the Supreme Court's decision in Schlegelhoff v. Holder, which we pointed the Court to in the briefing as a basis for mandamus relief in these sort of procedurally important circumstances. And that is a case of first impression where the Supreme Court nonetheless held that the writ of mandamus was warranted. And I apologize if there were more authority on the issuance of the writ in these circumstances. There may well be out there, and we may not have had the time to cite it in the briefing. As I believe the Court's aware, we have all been moving quickly in this case, and we certainly appreciate the Court's consideration, unless the panel has further questions. All right. Thank you, Mr. Peterson. The petition for the writ of mandamus is under submission, and I think I'll speak for all the members of the panel in saying we very much appreciate the short deadlines over the holidays and all of the excellent briefing on both sides and your ability to come here on fairly short notice for oral argument. It's helpful to the Court. And with that, we're adjourned.